```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x    NOT FOR PUBLICATION
In re                                                            :
                                                                 :
        SOUTHAMPTON YEN                                          :    Chapter 11
        RESTAURANT GROUP LLC,                                    :    Case No. 09-13874 (MG)
                                                                 :
                        Debtor.                                  :
                                                                 :
-----------------------------------------------------------------x
```

**OPINION AND ORDER DENYING DEBTOR'S MOTION TO EXTEND TIME
TO ASSUME OR REJECT NONRESIDENTIAL LEASE AND GRANTING
LANDLORD'S MOTION TO LIFT THE AUTOMATIC STAY**

*A P P E A R A N C E S:*

LAW OFFICES OF GEORGE L. BENNINGER
*Counsel for Debtor*
926 Duck Pond Road
Newton, New Jersey 07860
By:    George L. Benninger, Esq.

LAW OFFICES OF MOSHIE SOLOMON, P.C.
*Counsel for HRH-Capri, LLC*
450 Seventh Avenue, 36th Floor
New York, New York 10123
By:    Moshie Solomon, Esq.

**MARTIN GLENN**
**United States Bankruptcy Judge**

      HRH-Capri, LLC ("HRH") moves the Court for an order compelling the Debtor,

Southampton Yen Restaurant Group LLC, to (i) surrender possession of the

nonresidential property located at 281 County Road 39A, Southampton, New York 11968

(the "Premises"), (ii) remove all personal property from the Premises, and (iii) modify the

automatic stay to the extent required to terminate a lease between the two parties and

repossess the property.  The Debtor has opposed the motion, arguing that it should be

permitted additional time to assume the lease under Federal Rule of Bankruptcy

Procedure 9006(b), claiming that it will be unable to effect a contemplated structured dismissal of the case if it is stripped of the lease. The Debtor in turn moves to extend its time to assume or reject the lease of the Premises.

## BACKGROUND

The Debtor operates a "seasonal" restaurant, bar, lounge and nightclub facility under the name "Pink Elephant Club," open for business on Friday, Saturday and Sunday in Southampton, New York, during approximately 30 days per year. *See* Affidavit of Robert J. Montwaid Pursuant to Local Bankruptcy Rule 1007-2, at ¶2 (ECF # 12). HRH and the Debtor entered into a lease on May 8, 2001. Under the lease the Debtor was to use the property as a restaurant and bar. The term of the lease was for approximately ten years, ending on January 14, 2011. The lease also included an option where the Debtor could renew for an additional five years, if not in material default on the lease.

On April 17, 2008, HRH notified Debtor that it was in breach of the lease. Debtor responded on April 25, 2008, denying any default under the lease terms. The parties conferred and amended the lease through a modification dated July 25, 2008. This modification, which allowed the Debtor to continue using the property through 2008, expired on September 15, 2008.

The parties entered into a second lease modification on November 26, 2008, permitting the Debtor to remain in the property through 2009. This modification expired on September 15, 2009.

A third modification also allegedly existed. This modification purportedly allowed the Debtor to expand its use of the property from May 22, 2009 through September 22, 2009, in consideration for additional rent plus payments based on a

percentage of the Debtor's gross sales in the expanded Premises.  The Debtor allegedly never signed the third modification, but made payments in accordance with the agreement and used the additional space as contemplated by the agreement.  The Debtor, however, claims that it made these additional payments in satisfaction of existing rent obligations under prior modifications and denies the existence of a third modification.

On June 17, 2009, the Debtor filed its chapter 11 petition.  The Debtor failed to timely file the Schedules or Statement of Financial Affairs required by the Bankruptcy Code.  The Debtor finally filed Schedules on September 15, 2009, which the Court promptly ordered amended because the Schedules were inadequate.

The Debtor is now allegedly in default of its lease obligations, although the landlord has provided no evidence to support this position.  For its part, the Debtor claims in its motion to extend its time to assume or reject the lease that its rent was paid to the landlord for the 2009 season.  Debtor further argues that if HRH's motion is granted the estate would lose its principal asset and be unable to satisfy its obligations under a planned structured dismissal of the case.  Under the Debtor's motion for a structured dismissal, the Debtor would discharge its tax obligations as well as its obligations to secured and unsecured creditors using $50,000 in post-petition financing.  The Debtor's tax obligations would be satisfied through the entry of a settlement stipulation, contemplating payment of $450,000 over six years to satisfy unpaid sales taxes.  None of this has been presented to the Court for approval.  The Debtor also argues that the issue of the unsigned third lease modification is properly before the state court and will be addressed on dismissal of this case.

3

## DISCUSSION

Section 365(d)(4) of the Bankruptcy Code governs assumption or rejection of a lease for an unexpired nonresidential lease of real property in a chapter 11 case. Section 365(d)(4) provides in relevant part:

> (4)(A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of—
>
> (i) the date that is 120 days after the date of the order for relief; or
> (ii) the date of the entry of an order confirming a plan.
>
> (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d).

Here, the Debtor filed its chapter 11 petition on June 17, 2009. The 120-day period for the Debtor to assume the lease expired on October 15, 2009. While the Debtor suggests that it previously demonstrated intent to assume the lease, the Debtor only filed its motion to extend the time to assume the lease on November 12, 2009—almost one full month after the statutory deadline.[1] At the hearing on these motions, counsel for the Debtor argued that the Court should retroactively grant the Debtor additional time for "cause" under Federal Rule of Bankruptcy Procedure 9006(b). Debtor, however, both in its motion and at the hearing, failed to make any showing of cause why the Court should

---

[1] The Court rejects the Debtor's objection to the extent it argues that merely stating an intention to assume a lease is sufficient to extend the period to assume the lease. The statutory language of § 365(d)(4) clearly states that a request to extend the time to assume a nonresidential lease must be done in a motion. *See* 11 U.S.C. § 365(d)(4)(B)(i).

4

extend the deadline.  For example, Counsel failed to file an affidavit purporting to demonstrate "cause" and "excusable neglect" for purposes of Federal Rule of Bankruptcy Procedure 9006(b).

Even if cause and excusable neglect were demonstrated, the Court could not retroactively extend the time for the Debtor to file a motion to assume the lease. Numerous courts have determined that Rule 9006(b) does not grant courts the power to extend the period to assume or reject a lease after the statutory time has run under § 365(d)(4).  *See In re Damach, Inc.*, 235 B.R. 727, 731–32 (Bankr. D. Conn. 1999) ("[T]he automatic termination of leases under § 365(d)(4) is a substantive, rather than procedural, matter, and that it may not, therefore, be modified or extended by either the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure."); *In re Ducks in a Row, Inc.*, No. 09-40170-DOT, 2004 WL 4399096, at *2 (Bankr. E.D. Va. Apr. 16, 2004) ("The court is without power to abrogate the effect of [§ 365(d)(4)].  The provisions of Rule 9006(b) may not be used by debtor to gain an enlargement of the statutorily set time within which the debtor may assume the lease.").  As observed by the court in *In re Tubular Technologies, LLC*, 348 B.R. 699, 710–11 (Bankr. D.S.C. 2006), a court's ability to enlarge time under Rule 9006(b) is limited to (i) periods specified under the Federal Rules of Bankruptcy Procedure; (ii) times set by notices given under the Rules of Bankruptcy Procedure; or (iii) periods set by court order.  "Accordingly, Rule 9006 does not provide the Court with any authority to extend the time periods prescribed by the *statutory* provisions of § 365(d)(4)(B)." *Id.* (citing FED. R. BANKR. P. 9006).

5

This conclusion is supported by the legislative history of the Bankruptcy Abuse Prevention and Consumer Protection Act:

> [S]ection 404 of the Act amends section 365(d)(4) of the Bankruptcy Code to establish a *firm, bright line deadline* by which an unexpired lease of nonresidential real property must be assumed or rejected. If such lease is not assumed or rejected by such deadline, then such lease shall be deemed rejected, and the trustee shall immediately surrender such property to the lessor.

H.R. REP. NO. 109-31, at 86 (2005) (emphasis added). Moreover, commentators concur that it is inappropriate for courts to retroactively extend the statutory period of § 365(d)(4). *See* 3 COLLIER ON BANKRUPTCY ¶ 365.04[4] (16th ed. 2009) ("It is now clear that any order extending the initial 120-day period must be entered before the expiration of the deadline."); Jason Binford, *Deadline Hard Line: Bowles v. Russell and the Special Significance of Statutory Deadlines*, 26 AM. BANKR. L.J. 22, 73 n.28 (2007) ("By negative implication, the court lacks the authority to extend the period [under § 365(d)(4)] once the initial 120-day period has expired.").

Here the Debtor failed to timely file a motion to extend the time to assume the lease and the 120-day period contemplated by § 365(d)(4) has expired. Because this Court cannot retroactively extend the deadline under the statute, the lease is deemed rejected as a matter of law and the Debtor must immediately surrender the property. *See In re Michael H. Clement Corp.*, No. 09-43502, 2009 WL 3366976, at *2 (Bankr. N.D. Cal. Oct. 15, 2009) ("If the debtor-in-possession fails to act within the 120 days, the lease is deemed rejected, and the leased property must be surrendered to the landlord."). Moreover, since the Debtor no longer has any interest in the property (other than personal property left at the Premises), HRH is entitled to have the automatic stay lifted "for

6

cause, including the lack of adequate protection of an interest in property." 11 U.S.C. § 362(d)(1).

Because the lease is deemed rejected pursuant to § 365(d)(4), and as a consequence the Debtor is required to surrender the Premises to HRH, the Court need not decide (1) whether the third modification ever became effective, and (2) whether the Debtor is in default of payments due under the lease.

## CONCLUSION

Therefore, the Court DENIES the Debtor's motion to extend the Debtor's time to assume or reject the lease.  Additionally, the Court GRANTS HRH's motion to lift the stay to permit it to proceed in state court to regain possession of the Premises, but on the following conditions:  Debtor shall remove its personal property and surrender the Premises within 10 days from the date of this Order; if surrender does not occur within 10 days, the automatic stay is lifted to enable the landlord to take action to regain possession of the Premises and remove the Debtor's personal property from the Premises.

**IT IS SO ORDERED.**

DATED:   November 16, 2009
         New York, New York


                                        **  /s/Martin Glenn  **
                                             MARTIN GLENN
                                        United States Bankruptcy Judge